CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 1 2014

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| HARRY HAMILTON LOTTS, JR., | ) |
| Plaintiff, | ) Civil Action No.: 5:13cv00071 |
| v. | ) |
| CAROLYN W. COLVIN, | ) By: Hon. Michael F. Urbanski |
| Commissioner of Social Security, | ) United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Joel C. Hoppe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on June 4, 2014, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff filed objections to the report on June 20, 2014, and this matter is now ripe for the court's consideration. For the reasons set forth herein the court will adopt the report and recommendation in full.

I.

The report and recommendation provides a detailed overview of the relevant procedural history, which the courts adopts and incorporates herein by reference. A concise summary is as follows: Lotts suffers from degenerative back disorder and inflammatory bowel disorder. R. 23, 25, 155. An ALJ considered his disability application, which included opinions from Dr. John O. "Rob" Marsh, M.D., one of Lotts' treating physician, and from Kenneth Perkins, a physician's assistant who works for Dr. Marsh. The ALJ gave Dr. Marsh's opinion little weight, finding it internally

inconsistent and relying heavily on Lott's subjective report, and, noting that a physician's assistant is not an acceptable medical source, gave Mr. Perkins' opinion "appropriate weight." R. 37. The ALJ ultimately concluded that Lott retains a residual functional capacity to perform a limited range of light work and therefore is not disabled under the Act. R. 26, 38-39. Lotts subsequently submitted additional evidence to the Social Security Appeal Council in the form of a letter from Dr. Marsh dated May 17, 2012. The Appeals Council considered this letter, but "found that this information does not provide a basis for changing the [ALJ]'s decision." R. 1-2. Lotts then filed the instant civil action.

## II.

Lotts essentially makes two assignments of error. First, he argues that the report and recommendation incorrectly concludes that Dr. Marsh letter that was submitted to the Social Security Appeals Council does not meet the Fourth Circuit's standard for remand. Second, he argues that the report and recommendation incorrectly finds that the a Social Security Administrative Law Judge ("ALJ") did not err in the weight he assigned to the opinion of Kenneth Perkins, a physician's assistant who works for Dr. Marsh. The court has reviewed the magistrate judge's report, Lott's objections to the report, and the pertinent portions of the administrative record and, in so doing, made a de novo determination of those portions of the report to which the plaintiff objected. The court finds neither of Lott's objections meritorious.

### A. Dr. Marsh's Letter

The report and recommendation accurately sets forth the applicable standard for assessing whether Dr. Marsh's letter warrants remand, a point which Lotts concedes. "A claimant seeking a remand on the basis of new evidence . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier." Wilkins v. Sec'y., Dep't. of Health and Human Servs., 953 F.2d 93, 96 n. 3 (4th Cir.1991). Evidence is new if it is not duplicative or

2

cumulative; it is material if there is a reasonable possibility it would have changed the outcome of the Commissioner's decision. Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (citing Wilkins, 953 F.2d at 96). However,

> [t]he Court may not attempt to weigh the new evidence or to resolve conflicts with existing evidence. Dunn v. Colvin, 973 F. Supp. 2d 630, 642 (W.D. Va. 2013) (citing Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996)). Instead, it must determine whether the evidence was "material"—in other words, whether the evidence had "a reasonable possibility of changing the outcome of the case." Id. (citing Riley v. Apfel, 88 F. Supp. 2d 572, 579-80 (W.D. Va. 2000)). If the new evidence "is contradictory, presents material competing testimony, or calls into doubt any decision grounded in the prior medical reports," id., then it is conceivable that the ALJ would have reached a different result upon considering it, and the court must reverse.

Id. at 14 (certain full cites added). Lotts asserts that there are "significant factual differences" between the opinion of Dr. Marsh reviewed by the ALJ and Dr. Marsh's letter reviewed by the Appeals Council. Pl.'s Obj., Dkt. No. 23, at 3. But the report and recommendation gives an extremely detailed outline of why this is not so.

> [T]he ALJ was already aware that Dr. Marsh believed that Lotts has "radicular pain going down both legs," has "difficulty ambulating" and "walking short distances," has "difficulty climbing stairs," "cannot stand for any prolonged period of time," and has "a poor prognosis for recovery."

Report and Recommendation, Dkt. No. 22, at 14-15 (comparing numerous passages from Dr. Marsh's letter, R. 648, to portions of his opinion from March 6, 2012, R. 640-45). Additionally, the court agrees with the report that any references to future tests do not relate to the relevant time period. See id. at 15 ("Dr. Marsh's opinions regarding Lotts'[] prognosis are simply not relevant to the time period covered by the ALJ's decision."). Finally, because the letter merely reasserts what Dr. Marsh's prior opinion made clear, Lotts' arguments that Dr. Marsh's letter could "clarify" and "bolster" the opinions of Mr. Perkins and Dr. Victor Lee (another treating physician) is without merit. The letter does not bolster these opinions any more than Dr. Marsh's original opinion does.

3

### B. Mr. Perkins' Opinion

A physician's assistant is considered a "non-acceptable medical source" under the regulations, Hall v. Colvin, No. 7:12-CV-00327, 2014 WL 988750, at *8 (W.D. Va. Mar. 13, 2014), but the ALJ has a duty to consider all of the available evidence, including evidence provided from 'other' nonmedical sources such as physician's assistants. Woods v. Comm'r of Soc. Sec., No. 6:12-CV-00014, 2013 WL 4678381, at *6 (W.D. Va. Aug. 30, 2013). The report and recommendation correctly recognized this standard. See Report and Recommendation, Dkt. No. 22, at 9. Furthermore, the court agrees with the magistrate judge that "the ALJ considered the substance of [Mr.] Perkins's opinion when he evaluated Dr. Marsh's opinion two paragraphs earlier." Id. at 10. The totality of the ALJ's analysis as to Dr. Marsh's opinion applies with equal force to Mr. Perkins' opinion. As the report and recommendation notes, Lotts has not challenged the weight given by the ALJ to Dr. Marsh's opinion. Thus, although the usage of the phrase "appropriate weight" provides little insight itself, the context in which the ALJ used it makes clear both the weight he assigned Mr. Perkins' opinion and why he did so: little weight due to its inconsistency with the treatment records of Dr. Marsh. That conclusion, moreover, is supported by substantial evidence.

Furthermore, the court agrees with the magistrate judge's conclusion that, even if the ALJ erred in failing to articulate the weight he assigned Mr. Perkins' opinion with sufficient specificity, such err would be harmless. See Hall v. Colvin, 2014 WL 988750, at *9 (citing Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (adopting the report and recommendation finding the ALJ's oversight in failing to consider the opinion of a physician's assistant not to warrant remand because "the ALJ's decision, while not procedurally perfect, is supported by substantial evidence").

As such, the court agrees that the ALJ's analysis of Mr. Perkins' opinion does not warrant remand.

4

## III.

In short, Lotts' objections are without merit. The report and recommendation correctly applies the law to the relevant facts of the case. Accordingly, the court will adopt it in full. An appropriate Order will be entered this day.

The Clerk is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Entered: August 1, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge